■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM RAY REILLY, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Nassau County, entered August 26, 1964, which denied without a hearing his application to vacate the sentence imposed upon him on July 22, 1963, when he was convicted on his plea of guilty of attempted forgery in the third degree and sentenced to a term of one year and three months to two years and six months, such term to be served concurrently with a prior sentence then being served by him. Order reversed on the law and the facts, and application remitted to the court below for the purpose of: (a) holding a hearing upon the issues raised by the defendant on this application, namely: that his plea of guilty was induced by a promise, made by the Assistant District Attorneys with the acquiescence of the Trial Judge who accepted the plea, to the effect that any sentence imposed would be suspended, and that this promise was not kept by the Judge who thereafter imposed the sentence; and (b) making a determination *de novo* on the basis of all the proof which may be adduced. Defendant alleges: (1) that he was induced to plead guilty by a promise, made by the Assistant District Attorneys with the concurrence of the Trial Judge who accepted the plea, that any sentence imposed would be suspended; (2) that thereafter, in disregard of this promise, he (the defendant) was sentenced by another Judge to serve a term of one year and three months to two years and six months, without suspending the execution of such sentence. There is substantial evidence which prima facie appears to support the defendant's allegations. Under the circumstances, it was error to deny defendant's application without a plenary hearing as to the alleged unkept promise. Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH RODRIQUEZ and ALFONSO RODRIQUEZ, Appellants.— In a *coram nobis* proceeding, defendants appeal from an order of the Supreme Court, Kings County, entered March 27, 1963, which denied without a hearing their application to vacate as to each of them a judgment of the former County Court, Kings County, rendered June 24, 1958 after a jury trial, convicting them of attempted robbery in the first degree, and imposing sentence. The judgment of conviction was previously affirmed by this court (7 A D 2d 1017). Order reversed on the law and the facts, and application remitted to the Supreme Court, Kings County, for a hearing of the issues and for a determination based upon the proof adduced at such hearing. In our opinion, the defendants' present papers: (a) raise issues which were never determined at the hearing conducted upon the defendants' previous *coram nobis* application (see 14 A D 2d 917); and (b) reveal the existence of evidence which is of sufficient substance to warrant a hearing upon such issues. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.